## WILLIAM GILMAN *vs.* ISAAC LEWIS.

A guaranty of payment upon a negotiable note over the signature of the indorser, is *prima facie* evidence that it was written at the time the indorsement was made.

There is no necessity of causing inland negotiable notes to be protested.

A guaranty of payment of a negotiable note, " for debt and costs without demand or notice," made by the indorser, renders him liable to the indorsee for the costs of a fruitless suit against the maker, but does not subject him to the payment of the expense of a protest.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Assumpsit against the defendant as indorser of a promissory note, dated *January 22, 1834*, for $30, signed by *G. W. Washburn*, and payable to *Lewis*, or his order in *June* then next, with interest, and also to recover costs of a suit against *Washburn*. On the back of the note were these words, not in the handwriting of the defendant, except his signature, which was admitted to be genuine. " For value received, I *guarantee* the within note for debt and costs, without demand or notice. *Isaac Lewis.*" Before the commencement of this suit, the plaintiff had obtained judgment against *Washburn*, the maker, for $32,25, debt, and $8,06, costs of suit ; and an execution issued thereon had been returned unsatisfied. The plaintiff read the note to the jury and offered to read the guaranty on the back thereof. The defendant objected to the reading of it in evidence, unless the plaintiff should first prove, that the same was on the back of the note, when *Lewis* put his signature there. The Judge permitted the paper to be read in evidence, and instructed the jury, that the legal presumption was, that the guaranty was written upon the note, when the defendant put his signature, and that the plaintiff was entitled to recover the amount of the note with interest, and that he was not entitled to recover the costs incurred in the suit against *Washburn*, as that part of the guaranty relating to the defendant's liability for costs extended only to the expense of protest, and making demand and giving notice. By permission of the Judge, the plaintiff wrote over the name of *Lewis*, " For value received I indorse the within to *William Gilman.*" The verdict was for the plaintiff, but did not

include the costs of the suit against *Washburn*. The plaintiff excepted to so much of the instruction, as denied the right to recover the costs of the suit against *Washburn ;* and the defendant excepted to so much as related to the presumption arising from the guaranty being over the name of the defendant.

*Boutelle,* for the defendant, contended, that the instruction of the Judge, that the presumption was, that the paper was in its present state, when the defendant placed his name on the back of the note, was erroneous, and that it was right, as to the costs ; and cited 1 *Stark. Ev.* 310 ; *Roseboom* v. *Billington,* 17 *Johns. R.* 182 ; *Josselyn* v. *Ames,* 3 *Mass. R.* 274 ; *Oxford Bank* v. *Haynes,* 8 *Pick.* 423 ; *Tenney* v. *Prince,* 4 *Pick.* 385 ; *Fuller* v. *McDonald,* 8 *Greenl.* 213.

*I. Redington,* for the plaintiff, argued, that the same presumption of law existed in relation to the contract on the back of the note, that did in respect to the one upon its face. The production of the contract and proof of the signature are alike sufficient in both in the absence of all other proof. The word costs is a technical term, and where no qualifying words are attached, means costs of Court. The term may be broad enough also to include the costs of protest, demand and notice. But these do not appear to be recoverable against an indorser without an express promise to pay them. *City Bank* v. *Cutter,* 3 *Pick.* 414 ; *Young* v. *Bryan,* 6 *Wheat.* 146 ; *Union Bank* v. *Hyde, ib.* 572.

The case was continued for advisement, and the opinion of the Court was subsequently prepared by

Weston C. J. — The only question, arising on the defendant's exceptions is, whether what was written over the defendant's signature, on the back of the note, must be presumed to have been written before his signature ; in other words, whether the paper itself is *prima facie* evidence of that fact. And we are of opinion that it is. It differs much from an indorsement of interest on a bond or note, by the obligee or holder, which has not the signature of the obligor or maker. It is true the contract, upon which the defendant is attempted to be charged, differs from what would arise from his blank indorsement, he being the payee. In that case his liability would be conditional, that of a common indorser only. If the

holder, without his privity or consent, should write over his name a waiver of demand and notice, he would be guilty of forgery, which is not to be presumed. If a blank indorser is exposed to have his liability increased by forgery, it cannot change the law of evidence upon this point, which is, that a special contract, which has the signature of the party to be charged is, until impeached, taken to be genuine.

Whoever presumes to alter a written instrument, to the prejudice of another's right, is liable to be severely punished. The peril attending the commission of such a crime, which may be proved by the oath of the party injured, is the security afforded by the law, to preserve commercial paper, and other instruments from violation. The strictness of the law, upon negotiable notes and bills, as to demand and notice, and the hazards attending it, do often induce a prudent indorsee to require a waiver of this condition. In *Farmer v. Rand,* 14 *Maine R.* 225, and in *Buck* v. *Appleton,* 14 *Maine R.* 284, it was expressly held, that a waiver of demand and notice, upon a negotiable note, over the signature of the indorser, is *prima facie* evidence, that it was done with his privity and consent. The exceptions on the part of the defendant are overruled.

On the point raised in the plaintiff's exceptions, we do not agree with the presiding Judge. As demand and notice was waived, no expense of this sort could have been necessary, or would have been justified. There is no occasion to cause notes of hand to be protested ; and it is rarely practised on small notes in the country. In a suit by the plaintiff against the defendant upon the note, the law gives him costs, if he is the prevailing party. Something must have been intended, by the express stipulation of the defendant as to costs, which in our opinion must be understood to mean, that the defendant undertook to guaranty the payment of the debt and such costs as might arise, in attempting to enforce its collection. We accordingly sustain the exceptions taken by the plaintiff.